**United States Bankruptcy Court**
**District of Nebraska**

| | |
|---|---|
| **IN RE:** | Case No. **10-81345** |
| **Zellmer, Daryell E. & Nutt-Zellmer, Kathy L.** | Chapter **13** |
| Debtor(s) | |

### CHAPTER 13 PLAN AND NOTICE OF RESISTANCE DEADLINE

#### 1. PAYMENTS

The Debtor or Debtors (hereinafter called "Debtor") submit to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the plan. Payment schedule is as follows:

| A. Monthly Payment Amount (include any previous payments) | B. Number of Payments | Base Amount (A X B) |
|---|---|---|
| 508.65 | 50 | 25432.50 |

paid in as of April 4, 2011                                                                                             1357.50

Total Plan Base Amount: $ **26,790.00** .

The payment shall be withheld from the Debtor's paycheck: Yes ☒   No ☐
Employee's name from whose check the payment is deducted:
Employer's name, address, city, state, phone:
Debtor is paid:   Monthly    Twice monthly    Weekly    Biweekly    Other

This plan cures any previous arrearage in payments to the Chapter 13 Trustee under any prior plan filed in this case.

**NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS. IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER'S CHECK UNTIL THEIR EMPLOYER DEDUCTION BEGINS. IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION. THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THEIR EMPLOYER DEDUCTION BEGINS.**

#### 2. ORDER OF PAYMENT OF CLAIMS

Applicable Trustee fees shall be deducted from each payment disbursed by the Trustee. Claims shall be paid in the following order: (1) 11 U.S.C.§ 1326(a)(1)(B)&(C) pre-confirmation payments for adequate protection or leases of personal property; (2) payments to secured creditors under 11 U.S.C.§ 1325(a)(5), payments due on executory contracts, the Debtor's attorney fees, 11 U.S.C.§ 507(a)(1)(A) priority domestic support claims and approved Chapter 7 Trustee compensation; (3) other administrative expense claims under 11 U.S.C.§ 503; (4) other priority claims in the order specified in 11 U.S.C.§ 507(a) including post-petition tax claims allowed under 11 U.S.C.§ 1305; (5) co-signed consumer debts; (6) general unsecured claims. Unless otherwise noted, claims within each class shall be paid pro rata. If funds remain after payment of specific monthly payments provided for in the plan, the Chapter 13 Trustee may distribute those funds to secured creditors in payment of their allowed secured claims.

#### 3. SECTION 1326(a) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS AND LEASE PAYMENTS

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee to the below listed creditors without entry of an order of the Court. The Debtor proposing pre-confirmation payments will immediately commence plan payments to the Trustee. Creditors must file a proof of claim to receive payment. Payments by the Trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the Trustee does not have funds available within 7 working days prior to the end of the 30-day period. Post-confirmation payments are provided for below in Paragraphs 6 and 7 of this plan.

| Creditor's Name and Full Address | Last Four Digits of Account Number | Date of Next Payment Due | Payment Amount |
|---|---|---|---|
| **None** | | | |

#### 4. ADMINISTRATIVE CLAIMS

Trustee fees shall be deducted from each payment disbursed by the Trustee.

Neb. R. Bankr. P. 2016 (A)(4) and Appendix "N" provide the maximum allowance of Chapter 13 attorney fees and expenses which may be included in a Chapter 13 Plan. Total fees or costs in excess of this amount must be approved through a separate fee application. Fees and costs requested for allowance are as follows:

| Total Fees Requested | Fees Received Prior to Filing | Balance of Fees to be Paid in Plan |
|---|---|---|
| **3,000.00** | **0.00** | **3,000.00** |
| Total Costs Requested | Costs Received Prior to Filing | Balance of Costs to be Paid in Plan |
| **300.00** | **0** | **300.00** |

Fees and costs allowed shall be paid at the rate of not less than $ **375.00** per month and shall accrue from the month in which the case is filed. attorney fees and costs to be paid in full before creditors.

## 5. PRIORITY CLAIMS

11 U.S.C. § 1322(a) provides that all claims entitled to priority under 11 U.S.C. § 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claims under 11 U.S.C. § 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

**A) Domestic Support Obligations:**
1) ☒ None. If none, skip to Priority Taxes.
2) Name of Debtor owing Domestic Support Obligation _____.
3) The names(s), address(es) and phone number(s) of the holder of ANY domestic support obligation as defined in 11 U.S.C. § 101(14A):

| Name | Address, City and State | Zip Code | Telephone Number |
|---|---|---|---|

4) The debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim and not through the Chapter 13 Plan.

**B) Arrearages owed to Domestic Support Obligation holders under 11 U.S.C. § 507(a)(1)(A):**
1) ☒ None. If none, skip to subparagraph C below.
2) Name of holder of Domestic Support Obligation Arrearage Claim, estimated arrears and monthly payment.

| Name of Creditor | Estimated Arrearage Claim | Monthly Payment on Arrearage |
|---|---|---|

**C) Domestic Support Obligations assigned to or owed to a governmental unit under 11U.S.C. § 507(a)(1)(B):**
1) ☒ None. If none, skip to Priority Tax Claims.
2) Name of Creditor, estimated arrearage claim and any special payment provisions:

| Name of Creditor | Estimated Arrearage Claim | Provision for Payment |
|---|---|---|

**D) Priority Tax Claims:**

| Federal: $ **0.00** | State: $ **0.00** | Total: $ **0.00** |
|---|---|---|

**E) Chapter 7 Trustee Compensation allowed under §1326(b)(3):**

| Amount Allowed | Monthly Payment (Greater of $25 or 5% of Monthly Payment to unsecured creditors) |
|---|---|
|  |  |

**F) Other Priority Claims:**

**None**

## 6. SECURED CLAIMS

(A)(1) Home Mortgage Claims (including claims secured by real property which the Debtor intends to retain).
Unless otherwise provided in this plan, Debtor shall pay all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due beginning with the first due date after the case is filed and such creditor shall retain any lien securing its claim. Any pre-petition arrearage shall be paid through this Chapter 13 plan with interest as provided below and in equal monthly payments as specified below. The amount of pre-petition arrears is determined by the proof of claim, subject to the right of the Debtor to object to the amount set forth in the claim.

| Name of Creditor | Property Description | Estimated Arrearage | Pre-confirmation Interest Rate & Dollar Amount Limit, | Post-confirmation Interest Rate | Monthly Payment Amount | Total Payments on arrears plus interest |
|---|---|---|---|---|---|---|

| | | | if any | | | |
|---|---|---|---|---|---|---|
| **None** | | | | | | |

(A)(2) The following claims secured by real property shall be paid in full through the Chapter 13 plan:

| Name of Creditor | Property Description | | Pre-confirmation Interest Rate & Dollar Amount Limit, if any | Post-confirmation Interest Rate | Monthly Payment Amount | Total Payments plus interest |
|---|---|---|---|---|---|---|
| | | | | | | |

**B) Post-Confirmation Payments to Creditors Secured by Personal Property**
Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (1) and (2). If the debtor elects a different method of payment, such provision is set forth in subparagraph (3).

1) Secured Claims to Which § 506 Valuation is **NOT** applicable:
Claims listed in this subsection are debts secured by a purchase-money security interest in a personal motor vehicle, incurred within 910 days of filing of the bankruptcy OR debts secured by a purchase-money security interest in "any other thing of value," incurred within 1 year prior to filing of the bankruptcy. These claims will be paid in full with interest as provided below and in equal monthly payments as specified below:

| Name of Creditor | Property Description | Estimated Claim Amount | Pre-confirmation Interest Rate & Dollar Amount Limit, if any | Post-confirmation Interest Rate | Monthly Payment Amount | Total Payments plus interest |
|---|---|---|---|---|---|---|
| **None** | | | | | | |

2) Secured Claims to Which § 506 Valuation is Applicable:
Claims listed in this subsection are debts secured by personal property not described in the prior paragraph of this plan, 6(B)(1). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below and in equal monthly payments as specified below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. The value of the secured property is determined by the proof of claim, subject to the right of the Debtor to object to such valuation.

| Name of Creditor | Property Description | Estimated Value of Security or Amount Owed (use lowest amount) | Pre-confirmation Interest Rate & Dollar Amount Limit, if any | Post-confirmation Interest Rate | Monthly Payment Amount | Total Payments plus interest |
|---|---|---|---|---|---|---|
| **Santander Consumer** | **2006 nissan altima** | **16,666.10** | | **8.00** | | **20,737.45** |

attorney fees and costs to be paid in full before creditors.

3) Other provisions:

C) Surrender of Property
The Debtor surrenders any interest in the following collateral. Any secured claim filed by the below creditors will be deemed satisfied in full through surrender of the collateral. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the Court.

| Name of Creditor | Collateral to be surrendered |
|---|---|
| **None** | |

D) Lien Avoidance. The Debtor shall file a Motion to Avoid the lien of the following creditor(s):

| Name of Creditor | Amount Owed | Property upon which debtor will seek to avoid lien |
|---|---|---|
| **None** | | |

**7. EXECUTORY CONTRACTS / LEASES**
A) The Debtor rejects the following executory contracts:

| Name of Creditor | Property subject to executory contract |
|---|---|
| **None** | |

B) The Debtor assumes the executory contract/lease referenced below and provides for the regular contract/lease payment to be

included in the Chapter 13 plan. Any pre-petition arrearage will be cured in monthly payments as noted below:

| Name of Creditor | Property subject to executory contract/lease | Estimated Arrearages on contract as of date of filing | Monthly payment to be made on contract arrearage | Regular # of contract payments remaining as of date of filing | Amount of regular contract payment | Due date of regular contract payment | Total Payments (arrears + regular contract payments) |
|---|---|---|---|---|---|---|---|
| **None** | | | | | | | |

## 8. CO-SIGNED UNSECURED DEBTS
A) The following co-signed debts shall be paid in full at the contract rate of interest from petition date.

| Name of Creditor | Estimated Amount Due | Contract Rate of Interest | Total Due |
|---|---|---|---|
| **None** | | | |

## 9. UNSECURED CLAIMS
A) Allowed unsecured claims shall be paid prorata all remaining funds.

## 10. ADDITIONAL PROVISIONS
(A) If there are no resistances/objections to confirmation of this plan or after all objections are resolved, the Court may confirm the plan without further hearing.

(B) Property of the estate, including the Debtor's current and future income, shall re-vest in the Debtor at the time a discharge is issued, and the Debtor shall have sole right to use and possession of property of the estate during the pendency of this case.

(C) In order to obtain distributions under the plan, a creditor must file a proof of claim within 90 days after the first date set for the Meeting of Creditors except as provided in 11 U. S. C. § 502(b)(9). Claims filed after this bar date shall be disallowed except as provided in Bankruptcy Rule 3002.

(D) Unless otherwise provided in this plan or ordered by the Court, the holder of each allowed secured claim provided for by the plan shall retain its lien securing such claim as provided in 11 U. S. C. § 1325(a)(5)(B).

### NOTICE OF RESISTANCE DEADLINE

**ANY RESISTANCE TO THIS PLAN OR REQUEST FOR A HEARING MUST BE FILED IN WRITING WITH THE BANKRUPTCY CLERK'S OFFICE (SEE ORIGINAL NOTICE OF BANKRUPTCY FOR ADDRESS) AND SERVED ON THE ATTORNEY FOR THE DEBTOR AT THE ADDRESS LISTED BELOW (OR SERVED ON THE DEBTOR,IF NOT REPRESENTEDBYANATTORNEY), ON OR BEFORE:**
**APRIL 28, 2011**

IF A TIMELY RESISTANCE OR REQUEST FOR A HEARING IS FILED AND SERVED, THE BANKRUPTCY COURT WILL HANDLE THE RESISTANCE IN ACCORDANCE WITH GENERAL ORDER NO. 07-01. IF THERE ARE NO OBJECTIONS TO THE PLAN AS FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER HEARING.

### CERTIFICATE OF SERVICE
On April 8, 2011 the undersigned mailed a copy of this plan to all creditors, parties-in-interest, and those requesting notice by regular United States mail, postage prepaid. The parties to whom notice was mailed are either listed below or on the attached mailing matrix. The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to provide service to the following: Kathleen A Laughlin, Chapter 13 Trustee.

Dated: **April  8, 2011** .

Debtor(s)*Daryell Zellmer and Kathy Nutt-Zellmer*
By: s/s */s/ Patricia Geringer*
Patricia Geringer, Attorney for Debtor(s)
Attorney Number: **17302**
Attorney Address: **2421 O Street**
Attorney City, State, Zip: **Omaha, NE  68107**
Attorney Phone Number: 402-734-0635
Attorney Fax Number: 402-734-0104
Attorney Email Address: **pat@a-1atty.com**

IN RE Zellmer, Daryell E. & Nutt-Zellmer, Kathy L.              Case No. **10-81345**
Debtor(s)

## CHAPTER 13 PLAN AND NOTICE OF RESISTANCE DEADLINE
### Continuation Sheet - Page 1 of 6

```
Accredited Collection Service
P O Box 27238
Omaha, NE  68103


Advance America
5649 N 90
Omaha, NE  68134


Advance American
2085 N 120
Omaha, NE  68164


Afni INc
Att: DP Recovery Dept
P O BOx 3427
Bloomington, IL  61702


Alliance One
4850 E Street Rd Suite 300
Trevose, PA  19053


Allied Interstate
P O Box 361774
Columbus, OH  43236


Arrow Financial
5996 W Touhy Av
Niles, IL  60714


Asset Acceptance
P O Box 2036
Warren, MI  48090


Bottom Line Books
P O Box 361014
Des Moines, IA  50336
```

IN RE Zellmer, Daryell E. & Nutt-Zellmer, Kathy L.                                    Case No. **10-81345**
Debtor(s)

**CHAPTER 13 PLAN AND NOTICE OF RESISTANCE DEADLINE**
**Continuation Sheet - Page 2 of 6**

```
Bureau Of Collection Recovery
P O Box 9001
Minnetonka, MN  55345


Capital Management
726 Exchange St Suite 700
Buffalo, NY  14210


Check Into Cash
7910 W Dodge Rd
Omaha, NE  68114


Cortrust Bank
500 E 60th N
Sioux Falls, SD  57104


Credit Management
4200 International Pkwy
Carrollton, TX  75007


Finger Hut
P O Box 166
Newark, NJ  07101


First Natial Bank
500 E 60th N
Sioux Falls, SD  57104


First Premier Bank
P O Box 5519
Sioux Falls, SD  57117


Fitness Magazine
1716 Locust St
Des Moines, IA  50309
```

IN RE Zellmer, Daryell E. & Nutt-Zellmer, Kathy L.                              Case No. **10-81345**
                                    Debtor(s)

## CHAPTER 13 PLAN AND NOTICE OF RESISTANCE DEADLINE
### Continuation Sheet - Page 3 of 6

```
Fortfolio Recovery
140 Corporate Blvd
Norfolk, VA  23502


Global Payments
P O Box 66178
Chicago, IL  60666


Hearst Corp
P O Box 7186
Red Oak, IA  51591


HSBC
P O Box 81622
Salinas, CA  93912


Hsbc/Nautilus
P O Box 15524
Wilmington, DE  19850


LVNV Funding
PO Box 10497
Greenville, SC  29603-0497


Marty Lippy
6420 South 91st Av
Omaha, NE  68137


Merchants Credit Adjusters
17055 Frances St Suite 100
Omaha, NE  68130


Methodist Hospital
P O Box 790180
St Louis, MO  63179
```

IN RE Zellmer, Daryell E. & Nutt-Zellmer, Kathy L.                Case No. **10-81345**
Debtor(s)

**CHAPTER 13 PLAN AND NOTICE OF RESISTANCE DEADLINE**
Continuation Sheet - Page 4 of 6

```
Mid American Bank And Trust
P O Box 5220
Sioux Falls, SD  57117


Midland Credit Mgmt
P O Box 60578
Los Angeles, CA  90060


Midland Credit Mgmt
8875 Aero Dr
San Diego, CA  92123


Midland Funding
C/O Sara Miller
4885 S 118th Suite 100
Omaha, NE  68137


Midnight
1112 7th Av
Monrue, WI  53566


Midwest Endoscopy Services
8901 Indian Hills Dr Suite 100
Omaha, NE  68114


Midwest Gastrointestinal Assoc
8901 Indian Hills Suite 200
Omaha, NE  68114


N A Massih Md
2430 S 73rd Suite 200
Omaha, NE  68124


National Recovery
2491 Paxton
Harrisburg, PA  17111
```

IN RE **Zellmer, Daryell E. & Nutt-Zellmer, Kathy L.**                              Case No. **10-81345**
Debtor(s)

**CHAPTER 13 PLAN AND NOTICE OF RESISTANCE DEADLINE**
**Continuation Sheet - Page 5 of 6**

```
National Service Bureau
18820 Aurora Ave N Suite 205
Shoreline, WA  98133


Nebraska Medical Center
PO Box 3839
Omaha, NE  68103-0839


Nebraska Orthopaedic Hosp
2808 S 143 Plaza
Omaha, NE  68144


North Shore Agency
P O Box 8901
Westbury, NY  11590


Pinnacle Financial Group
7825 Washington Ave S Suite 310
Minneapolis, MN  55439


Professional Anesthesia Serv
P O Box 3385
Omaha, NE  68103


Reiman Publication
P O Box 5294
Harlan, IA  51593


Santander Consumer
8585 N Stemmons Fwy Stuie 1100
Dallas, TX  75247


Saturn Of Omaha
148th & West Center Rd
Omaha, NE  68137
```

IN RE Zellmer, Daryell E. & Nutt-Zellmer, Kathy L. _____ Case No. **10-81345** _____
Debtor(s)

**CHAPTER 13 PLAN AND NOTICE OF RESISTANCE DEADLINE**
**Continuation Sheet - Page 6 of 6**

```
Sunrise Credit Services
P O Box 9100
Farmindale, NY  11735


Target
PO Box 673
Minneapolis, MN  55440


Triad Financial
7755 Center Ave
Huntington Beach, CA  92647


UNMC Physicians
988095 Nebraska Medical Center`
Omaha, NE  68198
```